BLANK ROME LLP
David A. Thomas (SBN 215367)
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Telephone: (424) 239-3400
Facsimile: (424) 239-3434

BLANK ROME LLP
James R. Murray (*pro hac vice* forthcoming)
jim.murray@blankrome.com
James S. Carter (*pro hac vice* forthcoming)
james.carter@blankrome.com
1825 Eye St. NW
Washington, DC 20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201

BLANK ROME LLP
Robyn L. Michaelson (*pro hac vice* forthcoming)
robyn.michaelson@blankrome.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Facsimile: (212) 885-5001

*Attorneys for Defendant and Counterclaimant*
*The Roman Catholic Bishop of San Diego, erroneously sued as*
*The Roman Catholic Diocese of San Diego*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CATHOLIC MUTUAL RELIEF SOCIETY OF AMERICA AND THE CATHOLIC RELIEF INSURANCE COMPANY,<br><br>                              Plaintiffs,<br><br>        v.<br><br>THE ROMAN CATHOLIC DIOCESE OF SAN DIEGO, a Corporation Sole,<br><br>                              Defendant. | CASE NO.: 3:23-cv-00405<br><br>*Hon. Larry Alan Burns*<br><br>**DEFENDANT AND COUNTERCLAIMANT THE ROMAN CATHOLIC BISHOP OF SAN DIEGO'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**<br><br>DEMAND FOR JURY TRIAL ON ALL ISSUES SO TRIABLE<br><br>Action Filed: March 3, 2023<br>Trial Date: Not Set |

1  THE ROMAN CATHOLIC BISHOP OF
2  SAN DIEGO, a Corporation Sole,

3                    Counterclaimant,

4        v.

5  THE CATHOLIC MUTUAL RELIEF
   SOCIETY OF AMERICA AND THE
6  CATHOLIC RELIEF INSURANCE
   COMPANY,
7
                   Counter-Defendants.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

## ANSWER

Defendant and Counterclaimant The Roman Catholic Bishop of San Diego, a Corporation Sole, erroneously sued as The Roman Catholic Diocese of San Diego, a Corporation Sole (the "Bishop"), by and through its counsel, answers the Complaint for Declaratory Relief of The Catholic Mutual Relief Society of America and The Catholic Relief Insurance Company (together, "Catholic Mutual"), as follows:

1.      The Bishop admits only that it is and/or was the defendant in claims alleging sexual misconduct by individuals affiliated with the Bishop and that Catholic Mutual seeks Declaratory Relief under 28 U.S.C. §§ 2201–2202 to determine the parties' rights and obligations, if any, in connection with insurance coverage Catholic Mutual issued to the Bishop.  The Bishop denies that Catholic Mutual is entitled to the relief it seeks and/or that Catholic Mutual's contentions are correct.  The Bishop does not admit the veracity of any sexual misconduct claims and hereby expressly denies them.

2.      Paragraph 2 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 2.

3.      The Bishop denies Paragraph 3.

4.      Paragraph 4 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 4.

5.      Paragraph 5 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 5.

6.      The Bishop admits only that Catholic Mutual seeks a declaratory judgment as described in Paragraph 6.  The Bishop denies that Catholic Mutual is entitled to the relief it seeks and denies that Catholic Mutual's contentions are correct.

**DEFENDANT AND COUNTERCLAIMANT'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

## PARTIES, JURISDICTION, AND VENUE[1]

7.      Upon information and belief, the Bishop admits only that Catholic Mutual Relief Society of America is a non-profit corporation organized and existing under the laws of the State of Nebraska, with its principal place of business in the State of Nebraska.  The Bishop lacks knowledge or sufficient information to respond to the remaining allegations in Paragraph 7 and therefore denies them.

8.      Upon information and belief, the Bishop admits Paragraph 8.

9.      The Bishop admits the allegations of Paragraph 9 as they relate to The Roman Catholic Bishop of San Diego, a Corporation Sole.

10.     The Bishop admits Paragraph 10.

11.     The Bishop admits Paragraph 11.

12.     The Bishop admits Paragraph 12.

### General Allegations

13.     The Bishop admits Paragraph 13.

14.     The Bishop admits Paragraph 14.

15.     The Bishop admits only that the document referenced in Paragraph 15 and as Exhibit 1 to Plaintiff's Complaint purports to be a letter dated February 9, 2023 from the Bishop of San Diego.  The Bishop refers to the document referenced in Paragraph 15, which speaks for itself and must be read in its entirety for a complete and accurate statement of its contents.  The Bishop otherwise denies the allegations in Paragraph 15.

16.     The Bishop admits only that it is and/or was a defendant in suits alleging that certain priests affiliated with the Bishop engaged in sexual abuse of children, posed dangers to children, and/or had a propensity to commit sexual abuse.  The

---

[1] The Bishop reproduces the headings from Catholic Mutual's Complaint for reference only.  To the extent that Catholic Mutual contends that the headings are substantive allegations, the Bishop does not admit Catholic Mutual's headings and hereby expressly denies them.

2

Bishop does not admit the veracity of any sexual misconduct claims and hereby expressly denies them. The Bishop further denies that it knew or had reason to know of any alleged sexual abuse before the present allegations arose.

17.    The Bishop admits Paragraph 17.

18.    The Bishop admits Paragraph 18.

19.    The Bishop admits that it tendered claims alleging childhood sexual abuse filed against the Bishop pursuant to the amendments to California's Code of Civil Procedure effective January 1, 2003. The Bishop further admits that Catholic Mutual provided its coverage positions in response to some or all of the tendered claims and refers to Catholic Mutual's coverage position letters for a complete and accurate statement of their contents. The Bishop otherwise denies Paragraph 19.

20.    The Bishop admits only that in February 2007 it filed a petition pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of California and that litigation relating to claims asserted against the Bishop at the time was stayed. The Bishop otherwise denies Paragraph 20.

21.    The Bishop admits that its Chapter 11 Bankruptcy Petition was dismissed and that a settlement was reached with respect to claims against the Bishop alleging sexual abuse. The Bishop refers to the settlement for a complete and accurate statement of its contents. The Bishop otherwise denies Paragraph 21.

22.    The Bishop admits that certain parishes were incorporated and refers to the corporate formation documents for a complete and accurate statement of their contents. The Bishop otherwise denies Paragraph 22.

**<u>Catholic Mutual Coverage from July 1, 1958 through July 1, 1966</u>**

23.    The Bishop admits only that it alleges that Catholic Mutual sold certificates of insurance to the Bishop commencing July 1, 1958, if not earlier. The Bishop refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 23.

24.     The Bishop admits that it has not provided Catholic Mutual with copies of certificates of insurance for the period January 1, 1958 through July 1, 1966. The Bishop, however, denies any suggestion that its failure to provide Catholic Mutual with such certificates means that there is insufficient evidence that Catholic Mutual sold certificates that cover the Bishop for the period January 1, 1958 through July 1, 1966. The Bishop refers to documentation and other evidence relating to the existence and terms of the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 24.

25.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 25 and therefore denies the allegations in their entirety.

26.     Paragraph 26 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 26.

27.     The Bishop admits only that it alleges that Catholic Mutual sold certificates of insurance that cover the Bishop commencing July 1, 1958, if not earlier. The Bishop refers to documentation and other evidence relating to the existence and terms of the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 27.

28.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 28 and therefore denies the allegations in their entirety. The Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop for the period July 1, 1958 to July 1, 1966, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.

29.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 29 and therefore denies the allegations in their entirety. The Bishop refers to documentation and other evidence relating to the certificates of

4

insurance sold by Catholic Mutual that cover the Bishop for the period July 1, 1958 to July 1, 1966, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.

30.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 30 and therefore denies the allegations in their entirety.  The Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.

31.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 31 and therefore denies the allegations in their entirety.  The Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.

32.     Paragraph 32 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 32.

33.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 33 and therefore denies the allegations in their entirety.  The Bishop refers to documentation and other evidence relating to the certificates of insurance by Catholic Mutual that cover the Bishop, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.

34.     Paragraph 34 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop for the period July 1, 1958 to July 1, 1966, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 34.

35.     Paragraph 35 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other

1   evidence relating to the certificates of insurance sold by Catholic Mutual that cover

2   the Bishop for the period July 1, 1958 to July 1, 1966, which evidence speaks for

3   itself and must be read in its entirety to discern the relevant terms of the certificates,

4   and the Bishop otherwise denies Paragraph 35.

5        36.    The Bishop lacks knowledge or information sufficient to respond to the

6   allegations in Paragraph 36 and therefore denies the allegations in their entirety.  The

7   Bishop refers to documentation and other evidence relating to the certificates sold by

8   Catholic Mutual for the period July 1, 1958 to July 1, 1966, which evidence speaks

9   for itself and must be read in its entirety to discern the relevant terms of the

10   certificates.

11   **<u>Catholic Mutual Coverage from July 1, 1966 through July 1, 1974</u>**

12        37.    The Bishop admits only that Catholic Mutual has documents relating to

13   certificates of insurance that cover the Bishop for the period July 1, 1966 through

14   July 1, 1974 and refers to the documentation and other evidence relating to the

15   certificates, which evidence speaks for itself and must be read in its entirety to discern

16   the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 37.

17        38.    The Bishop admits only that it has provided Catholic Mutual with

18   documentation and other evidence relating to the certificates of insurance that cover

19   the Bishop for the period July 1, 1966 through July 1, 1974 and refers to

20   documentation and other evidence, which evidence speaks for itself and must be read

21   in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise

22   denies Paragraph 38.

23        39.    Paragraph 39 states a legal conclusion for which no response is required.

24   To the extent a response is required, the Bishop denies Paragraph 39.

25        40.    The Bishop admits only that Catholic Mutual has information relating

26   to the certificates of insurance that cover the Bishop for the period July 1, 1966

27   through July 1, 1974 and refers to documentation and other evidence relating to the

28   certificates of insurance, which evidence speaks for itself and must be read in its

entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 40.

41.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 41 and therefore denies the allegations in their entirety.  The Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop for the period July 1, 1966 through July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.   The Bishop otherwise denies Paragraph 41.

42.     Paragraph 42 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 42.

43.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 43 and therefore denies the allegations in their entirety.  The Bishop refers to documentation and other evidence relating to the certificates of insurance that Catholic Mutual sold that cover the Bishop for the period July 1, 1966 through July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.   The Bishop otherwise denies Paragraph 43.

44.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 44 and therefore denies the allegations in their entirety.  The Bishop refers to documentation and other evidence relating to the certificates of insurance that Catholic Mutual sold that cover the Bishop for the period July 1, 1966 through July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.   The Bishop otherwise denies Paragraph 44.

45.     Paragraph 45 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates of insurance that Catholic Mutual sold that cover

the Bishop for the period July 1, 1966 through July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 45.

46. Paragraph 46 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates of insurance that Catholic Mutual sold that cover the Bishop for the period July 1, 1966 through July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 46.

47. The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 47 and therefore denies the allegations in their entirety. The Bishop refers to documentation and other evidence relating to the certificates of insurance that Catholic Mutual sold that cover the Bishop for the period July 1, 1966 through July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.

**Catholic Mutual Coverage from July 1, 1974 through July 1, 1986**

48. The Bishop admits that Catholic Mutual has documents relating to certificates of insurance that cover the Bishop for the period July 1, 1974 to July 1, 1986, and refers to the documentation and other evidence relating to the certificates of insurance, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 48.

49. The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1986, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 49.

50.    The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1977, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 50.

51.    Paragraph 51 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 51.

52.    The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1977, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 52.

53.    Paragraph 53 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates sold by Catholic Mutual that cover the Bishop for the period from July 1, 1974 to July 1, 1977, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 53.

54.    Paragraph 54 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates sold by Catholic Mutual that cover the Bishop for the period from July 1, 1974 to July 1, 1977, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 54.

55.    The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1977, and the Bishop refers to documentation and other evidence relating to the certificates, which

speaks for itself and must be read in its entirety to discern the requisite terms of those certificates. The Bishop otherwise denies Paragraph 55.

56. The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1977, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 56.

57. The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1977 through July 1, 1986, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 57.

58. The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1986, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 58.

59. Paragraph 59 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 59.

60. The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1974 through July 1, 1986, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates. The Bishop otherwise denies Paragraph 60.

61. The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1977 through July 1, 1986, and refers to documentation and other evidence relating to the certificates, which evidence speaks

for itself and must be read in its entirety to discern the relevant terms of the certificates   The Bishop otherwise denies Paragraph 61.

62.    The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1977 through July 1, 1982, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 62 (including footnote 1).

### Catholic Mutual Coverage from July 1, 1986 through July 1, 1990

63.    The Bishop admits that Catholic Mutual has documents relating to certificates of insurance that cover the Bishop for the period July 1, 1986 to July 1, 1990, and refers to documentation and other evidence relating to the certificates of insurance, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 63.

64.    Paragraph 64 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates sold by Catholic Mutual, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 64.

65.    The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1986 through July 1, 1990, and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 65.

66.    Paragraph 66 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 66.

### The Diocese's Breaches of the Certificates

67.    The Bishop admits that the document referenced in Paragraph 67 and as Exhibit 1 to Plaintiff's Complaint purports to be a letter dated February 9, 2023 from

11

the Bishop of San Diego and refers to the document referenced in Paragraph 67, which speaks for itself and must be read in its entirety for a complete and accurate statement of its contents.  The Bishop otherwise denies Paragraph 67.

68.     The Bishop admits only that he has communicated with Catholic Mutual regarding claims against the Bishop alleging sexual misconduct.  The Bishop does not admit the veracity of any sexual misconduct claims and hereby expressly denies them.  The Bishop otherwise denies Paragraph 68.

69.     The Bishop lacks knowledge or information sufficient to respond to the allegations in Paragraph 69 and therefore denies the allegations in their entirety.

70.     The Bishop admits that the document referenced in Paragraph 70 and as Exhibit 1 to Plaintiff's Complaint purports to be a letter dated February 9, 2023 from the Bishop of San Diego and refers to the document referenced in Paragraph 70, which speaks for itself and must be read in its entirety for a complete and accurate statement of its contents.  The Bishop otherwise denies Paragraph 70.

71.     The Bishop admits only that a press conference was held on or about February 10, 2023 and refers to any announcements, statements, and/or communications made during the press conference for a complete and accurate statement of their contents.  The Bishop otherwise denies Paragraph 71.

72.     Paragraph 72 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 72.

73.     Paragraph 73 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 73.

74.     The Bishop admits only that a press conference was held on February 10, 2023 and refers to any communications made during the press conference for a complete and accurate statement of their contents.  The Bishop otherwise denies Paragraph 74.

75.     The Bishop admits only that a press conference was held on or about February 10, 2023 and refers to any announcements, statements, and/or

communications made during the press conference for a complete and accurate statement of their contents. The Bishop otherwise denies Paragraph 75.

76.    Paragraph 76 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 76.

77.    Paragraph 77 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 77.

78.    The Bishop denies Paragraph 78.

79.    The Bishop denies Paragraph 79.

80.    The Bishop admits that a press conference was held on or about February 10, 2023 that was reported by news media. The Bishop further admits that the document referenced in Paragraph 80 and as Exhibit 2 to the Plaintiff's Complaint purports to be a news article dated February 10, 2023 published in The Washington Post and refers to the document referenced in Paragraph 80, which speaks for itself and must be read in its entirety for a complete and accurate statement of its contents. The Bishop otherwise denies Paragraph 80.

81.    The Bishop admits that the document referenced in Paragraph 81 and as Exhibit 3 to the Plaintiff's Complaint purports to be a news article, dated February 10, 2023, published by CBS 8 and refers to the document referenced in Paragraph 81 and any corresponding recorded clips, which speak for themselves and must be read in their entirety for a complete and accurate statement of their contents. The Bishop otherwise denies Paragraph 81.

82.    The Bishop admits that the document referenced in Paragraph 82 and as Exhibit 4 to the Plaintiff's Complaint purports to be a news article, dated February 10, 2023, published by NBC San Diego and refers to the document referenced in Paragraph 82 and any corresponding recorded clips, which speak for themselves and must be read in their entirety for a complete and accurate statement of their contents. The Bishop otherwise denies Paragraph 82 (including footnote 2).

DEFENDANT AND COUNTERCLAIMANT'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

1

## COUNT ONE – FOR DECLARATORY RELIEF

2

(DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 – BREACH

3

OF DUTY TO COOPERATE)

4       83.     The Bishop repeats and hereby realleges its responses to Paragraphs 1

5   through 82 as though fully set forth herein.

6       84.     Paragraph 84 states a legal conclusion for which no response is required.

7   To the extent a response is required, the Bishop refers to documentation and other

8   evidence relating to the certificates sold by Catholic Mutual that cover the Bishop for

9   the period July 1, 1958 to July 1, 1974, which evidence speaks for itself and must be

10  read in its entirety to discern the relevant terms of the certificates, and the Bishop

11  otherwise denies Paragraph 84.

12      85.     Paragraph 85 states a legal conclusion for which no response is required.

13  To the extent a response is required, the Bishop refers to documentation and other

14  evidence relating to the certificates sold by Catholic Mutual that cover the Bishop for

15  the period July 1, 1958 to July 1, 1974, which evidence speaks for itself and must be

16  read in its entirety to discern the relevant terms of the certificates, and the Bishop

17  otherwise denies Paragraph 85.

18      86.     Paragraph 86 states a legal conclusion for which no response is required.

19  To the extent a response is required, the Bishop denies Paragraph 86.

20      87.     Paragraph 87 states a legal conclusion for which no response is required.

21  To the extent a response is required, the Bishop denies Paragraph 87.

22      88.     Paragraph 88 states a legal conclusion for which no response is required.

23  To the extent a response is required, the Bishop denies Paragraph 88.

24      89.     The Bishop denies Paragraph 89.

25      90.     Paragraph 90 states a legal conclusion for which no response is required.

26  To the extent a response is required, the Bishop denies Paragraph 90.

27      91.     Paragraph 91 states a legal conclusion for which no response is required.

28  To the extent a response is required, the Bishop denies Paragraph 91.

92.     Paragraph 92 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop denies Paragraph 92.

**<u>COUNT TWO – FOR DECLARATORY RELIEF</u>**

(DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 – BREACH OF DUTY UNDER VOLUNTARY PAYMENT PROVISION)

93.     The Bishop repeats and hereby realleges its responses to Paragraphs 1 through 92 as though fully set forth herein.

94.     Paragraph 94 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop for the period from July 1, 1958 to July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates and the Bishop otherwise denies Paragraph 94.

95.     Paragraph 95 states a legal conclusion for which no response is required. To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual that cover the Bishop for the period from July 1, 1958 to July 1, 1974, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates and the Bishop otherwise denies Paragraph 95.

96.     The Bishop admits only that it has made public announcements relating to claims alleging sexual abuse and refers to those announcements and other communications for a complete and accurate statement of their contents.  The Bishop does not admit the veracity of any sexual misconduct claims and hereby expressly denies them.  The Bishop otherwise denies Paragraph 96.

97.     The Bishop admits only that it has made public announcements relating to claims alleging sexual abuse and refers to those announcements and other communications for a complete and accurate statement of their contents.  The Bishop

does not admit the veracity of any sexual misconduct claims and hereby expressly denies them.  The Bishop otherwise denies Paragraph 97.

98.    The Bishop denies Paragraph 98.

99.    The Bishop denies Paragraph 99.

100.   The Bishop denies Paragraph 100.

101.   Paragraph 101 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 101.

102.   Paragraph 102 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 102.

103.   Paragraph 103 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 103.

## COUNT THREE – FOR DECLARATORY RELIEF

(DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 – BREACH OF DUTY UNDER "EXPECTED OR INTENDED" REQUIREMENTS)

104.   The Bishop repeats and hereby realleges its responses to Paragraphs 1 through 103 as though fully set forth herein.

105.   Paragraph 105 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 105.

106.   Paragraph 106 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 106.

107.   The Bishop admits that the document referenced in Paragraph 107 and as Exhibit 5 to the Plaintiff's Complaint purports to be an article dated October 24, 2010 in The New York Times and refers to the document referenced in Paragraph 107, which speaks for itself and must be read in its entirety for a complete and accurate statement of its contents.  The Bishop otherwise denies Paragraph 107.

108.   The Bishop admits that the document referenced in Paragraph 108 and as Exhibit 5 to Plaintiff's Complaint purports to be an article dated October 24, 2010 in The New York Times and refers to the document referenced in Paragraph 108,

1   which speaks for itself and must be read in its entirety for a complete and accurate
2   statement of its contents.  The Bishop otherwise denies Paragraph 108.

3        109.   To the extent that Paragraph 109 purports to reference Exhibit 5 to
4   Plaintiff's Complaint, the Bishop admits that the document referenced in Paragraph
5   109 and as Exhibit 5 to Plaintiff's Complaint purports to be an article dated October
6   24, 2010 in The New York Times and refers to the document referenced in Paragraph
7   109, which speaks for itself and must be read in its entirety for a complete and
8   accurate statement of its contents.  The Bishop otherwise denies Paragraph 109.

9        110.   The Bishop admits only that claims were made against the Bishop
10  alleging sexual misconduct and refers to the claims referenced in Paragraph 110,
11  which speak for themselves and must be read in their entirety for a complete and
12  accurate statement of their contents.  The Bishop does not admit the veracity of any
13  sexual misconduct claims and hereby expressly denies them.  The Bishop otherwise
14  denies Paragraph 110.

15       111.   The Bishop admits only that the document referenced in Paragraph 111
16  and as Exhibit 6 to Plaintiff's Complaint purports to be a letter dated April 15, 2020
17  from Everett Cygal and refers to the document referenced in Paragraph 111, which
18  speaks for itself and must be read in its entirety for a complete and accurate statement
19  of its contents.  The Bishop otherwise denies Paragraph 111.

20       112.   The Bishop admits only that the document referenced in Paragraph 112
21  and as Exhibit 6 to Plaintiff's Complaint purports to be a letter dated April 15, 2020
22  from Everett Cygal and refers to the document referenced in Paragraph 112, which
23  speaks for itself and must be read in its entirety for a complete and accurate statement
24  of its contents.  The Bishop otherwise denies Paragraph 112.

25       113.   The Bishop admits only that claims were made against the Bishop
26  alleging sexual misconduct and refers to the claims referenced in Paragraph 113,
27  which speak for themselves and must be read in their entirety for a complete and
28  accurate statement of their contents.  The Bishop does not admit the veracity of any

sexual misconduct claims and hereby expressly denies them.  The Bishop otherwise denies Paragraph 113.

114.   Paragraph 114 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 114.

### <u>COUNT FOUR – FOR DECLARATORY RELIEF</u>

(DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 – NO COVERAGE FOR ANY CLAIMS IMPLICATING THE 1986-1990 PERIOD)

115.   The Bishop repeats and hereby realleges its responses to Paragraphs 1 through 114 as though fully set forth herein.

116.   Paragraph 116 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates of insurance sold by Catholic Mutual for the period July 1, 1986 to July 1, 1990, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 116.

117.   The Bishop admits only that Catholic Mutual sold certificates of insurance that cover the Bishop from July 1, 1986 through July 1, 1990 and refers to documentation and other evidence relating to the certificates, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates.  The Bishop otherwise denies Paragraph 117.

118.   Paragraph 118 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop refers to documentation and other evidence relating to the certificates sold by Catholic Mutual for the period July 1, 1986 to July 1, 1990, which evidence speaks for itself and must be read in its entirety to discern the relevant terms of the certificates, and the Bishop otherwise denies Paragraph 118.

119.   Paragraph 119 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 119.

120.   Paragraph 120 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 120.

## COUNT FIVE – FOR DECLARATORY RELIEF

(DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201 – NO COVERAGE FOR ANY PARISHES AS SEPARATE ENTITIES)

121.   The Bishop repeats and hereby realleges its responses to Paragraphs 1 through 120 as though fully set forth herein.

122.   The Bishop admits that certain parishes within the Bishop were incorporated and refers to the corporate formation documents for a complete and accurate statement of their contents.  The Bishop otherwise denies Paragraph 122.

123.   Paragraph 123 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 123.

124.   Paragraph 124 states a legal conclusion for which no response is required.  To the extent a response is required, the Bishop denies Paragraph 124.

## PRAYER FOR RELIEF

The Bishop admits that Catholic Mutual seeks certain declarations in this action with respect to the parties' rights and obligations, if any, under the certificates of insurance and that the requested declarations are set forth in Catholic Mutual's Prayer for Relief.  The Bishop denies that Catholic Mutual is entitled to any of the declarations it seeks, that Catholic Mutual's contentions are correct, and/or that Catholic Mutual is entitled to any relief asserted or under the law.

## AFFIRMATIVE DEFENSES

125.   Without making any concessions or admissions regarding the burden of proof or admitting liability for any of the claims pled in the Complaint, the Bishop hereby asserts the following affirmative defenses.  The Bishop intends to rely on these and other affirmative defenses, should they become available during the course

of discovery, and thus reserves the right to amend and assert such defenses in the future.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

126.   Catholic Mutual is barred, in whole or in part, from recovering under its Complaint and each count therein because it fails to state facts sufficient to constitute a claim upon which relief can be granted against the Bishop.

## SECOND AFFIRMATIVE DEFENSE

### (Breach or Non-Performance)

127.   Catholic Mutual is barred, in whole or in part, from recovering under its Complaint and each count therein because it breached the terms of the certificates of insurance on which its Complaint is based and/or failed to comply with the law by failing to perform timely, fully, and adequately the terms and conditions therein, thereby discharging any obligations on the part of the Bishop.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

128.   Catholic Mutual is barred, in whole or in part, from recovering under its Complaint and each count therein because it has waived whatever right it may have had to assert the claims contained in its Complaint and each count therein.  Catholic Mutual has failed to take proper steps to assert those claims in a timely fashion, knowingly relinquished such claims, and otherwise acted in a manner inconsistent with intent to assert or preserve its right to assert such claims.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

129.   Catholic Mutual is barred, in whole or in part, from recovering under its Complaint and each count therein under the doctrine of laches by reason of its inexcusable and unreasonable delays and its failure to specifically state its claims, all to the prejudice of the Bishop.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

130.   Catholic Mutual is estopped from enforcing the claims and obligations, if any, sought to be enforced in its Complaint and each count therein because Catholic Mutual's own conduct, actions, and/or omissions induced reliance by the Bishop to its detriment, which conduct, actions, and/or omissions amount to and constitute an estoppel of any claims and any relief sought thereby.

## SIXTH AFFIRMATIVE DEFENSE

### (Ratification and Consent)

131.   Catholic Mutual is barred, in whole or in part, from recovering under its Complaint and each count therein because, by failing to act upon the knowledge available to it, Catholic Mutual has ratified, consented to, and/or acquiesced in the conduct of the Bishop complained of therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Disclose/Misrepresenting Facts)

132.   Catholic Mutual's claims are barred, in whole or in part, to the extent that Catholic Mutual failed to disclose, concealed, or misrepresented facts that are material to the Bishop, including but not limited to the Bishop's rights under the certificates of insurance.

## RESERVATION OF RIGHTS

133.   The Bishop is informed and believes and on that basis alleges that it may have additional affirmative defenses available to it, which are not now fully known and of which it is not now aware.  The Bishop reserves any and all rights to raise and assert such additional defenses once such additional defenses have been ascertained.

## JURY DEMAND

The Bishop demands a trial by jury on all issues so triable raised in Catholic Mutual's Complaint and each cause of action asserted therein.

## PRAYER FOR RELIEF

**WHEREFORE**, the Bishop respectfully requests judgment against Catholic Mutual as follows:

1.　　That Catholic Mutual's complaint be dismissed with prejudice, with costs and disbursements to be paid to the Bishop;

2.　　For attorneys' fees and costs incurred, and to be incurred, in the defense of Catholic Mutual's Complaint and each cause of action asserted therein against the Bishop, to the extent allowed by law;

3.　　Such other and further relief as this Court deems equitable and just.

## COUNTERCLAIM

Defendant and Counterclaimant The Roman Catholic Bishop of San Diego, a Corporation Sole ("Bishop"), by and through its counsel, brings this Counterclaim against Plaintiffs and Counter-Defendants The Catholic Mutual Relief Society of America and The Catholic Relief Insurance Company (together, "Catholic Mutual"), and alleges as follows:

## INTRODUCTION

1.　　The Bishop is The Roman Catholic Bishop of San Diego, a Corporation Sole organized and existing under the laws of the State of California, and which oversees over 90 parishes in San Diego County and Imperial County, located in Southern California.

2.　　Commencing in 1958 (or earlier) and continuing through 1990, Catholic Mutual sold certificates of insurance that provide the Bishop and related parishes and/or entities liability coverage, including coverage for, among other things, bodily injury on a per occurrence basis ("Certificates").

3.　　Effective January 1, 2020, the California legislature enacted Assembly Bill 218, which amended California's statutes to allow claimants to file and pursue previously time-barred claims alleging childhood sexual assault.

22

4.      Before these amendments, the statute of limitations prevented many claimants from asserting such claims.

5.      Assembly Bill 218 temporarily waived the statute of limitations for childhood sexual assault claims, allowing claimants to bring these previously time-barred claims for three years between January 1, 2020 and December 31, 2022.

6.      As a result of these amendments, more than 400 claims and suits have been filed against the Bishop, alleging that the Bishop is liable for damages stemming from its purported connection with alleged sexual abuse injuries ("Underlying Actions and Claims").

7.      Additional such claims may be filed against the Bishop alleging abuse during the time period in which Catholic Mutual insured the Bishop.

8.      The Underlying Actions and Claims threaten the Bishop with large, potentially catastrophic judgments and settlements, not to mention the enormous costs of defending himself against the Underlying Actions and Claims.

9.      Indeed, the Bishop is already incurring substantial defense costs and will continue to do so.

10.     The Certificates obligate Catholic Mutual to defend the Bishop and/or pay the Bishop's defense costs and to indemnify the Bishop in connection with the Underlying Actions and Claims.

11.     Instead of honoring its obligations under the Certificates to defend and indemnify the Bishop against the Underlying Actions and Claims, Catholic Mutual has opted to dispute its coverage obligations.

12.     On March 3, 2023, Catholic Mutual filed a Complaint for Declaratory Relief against the Bishop in this Court.

13.     In its Complaint, Catholic Mutual prays for a declaratory judgment that Catholic Mutual did not insure the Bishop during certain of the relevant time periods and/or that Catholic Mutual is not obligated to defend or indemnify the Bishop against the Underlying Actions and Claims.

14.     To the extent that Catholic Mutual has a duty to defend or indemnify the Diocese, Catholic Mutual seeks a declaration on various coverage issues with the aim of constricting its coverage obligations to the Bishop.

15.     Catholic Mutual's refusal to protect its insured, the Bishop, by paying the Bishop's defense costs and any judgments and/or settlements arising from the Underlying Actions and Claims deprives the Bishop the benefit of its Certificates in breach of Catholic Mutual's duties and obligations under the Certificates.

## THE PARTIES

16.     Defendant and Counterclaimant The Roman Catholic Bishop of San Diego is a Corporation Sole organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

17.     Upon information and belief, Plaintiff and Counter-Defendant The Catholic Mutual Relief Society of America is a corporation organized and existing under the laws of the State of Nebraska, with a principal place of business in Omaha, Nebraska.

18.     Upon information and belief, Plaintiff and Counter-Defendant The Catholic Relief Insurance Company is a corporation organized and existing under the laws of the State of Vermont, with a principal place of business in Burlington, Vermont.

## JURISDICTION AND VENUE

19.     This Court has diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000.00, exclusive of costs and interests, and is between corporate citizens of different states.

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the alleged events or omissions giving rise to this insurance coverage action are alleged to have occurred within this judicial district.

1

## THE CERTIFICATES OF INSURANCE

21.    In consideration of substantial premiums, Catholic Mutual sold and/or acquired responsibility for the Certificates between 1958 and 1990.

22.    The Certificates provide robust liability insurance coverage for the Bishop for defense costs and the payment of judgments and settlements.

23.    The Certificates include substantial limits of liability and require Catholic Mutual to pay on behalf of the Bishop all sums that the Bishop becomes legally obligated to pay as a result of bodily injury (among other things), so long as any part of the injury took place during the policy period.

24.    The Certificates also require Catholic Mutual to pay all defense costs and expenses, including attorneys' fees, that the Bishop incurs for the investigation and defense of the Underlying Actions and Claims.

25.    These defense costs do not erode policy limits available to pay judgments and settlements.

26.    The duty to defend and to pay defense costs applies whenever a Certificate potentially covers, in whole or in part, the allegations against the Bishop in the Underlying Actions and Claims, even if the allegations are groundless, false, or fraudulent.

27.    Upon information and belief, all premiums for the Certificates were timely paid and all conditions for coverage have been satisfied.

## THE COVERAGE DISPUTE

28.    The Underlying Actions and Claims allege childhood sexual abuse at the hands of priests and/or other individuals affiliated with the Bishop.

29.    The Underlying Actions and Claims allege that the claimants suffered bodily injuries resulting from this alleged sexual abuse.

30.    The Bishop timely tendered notice of the Underlying Actions and Claims to Catholic Mutual.

25

31.     The Bishop has fulfilled all of its duties and conditions under each of the Certificates with respect to the Underlying Actions and Claims.

32.     The Bishop is entitled to all benefits provided by the Certificates.

33.     The Underlying Actions and Claims are covered by the Certificates.

34.     Catholic Mutual has failed to acknowledge and disputes its full coverage obligations in connection with the Underlying Actions and Claims, despite the Bishop's timely request that it do so.

35.     Catholic Mutual has filed a lawsuit against the Bishop, seeking a judicial determination that it did not insure the Bishop during certain of the relevant time periods and/or that Catholic Mutual is not obligated to defend or indemnify the Bishop against the Underlying Actions and Claims.

36.     To the extent that Catholic Mutual has a duty to provide coverage to the Bishop, Catholic Mutual seeks a declaration with respect to various coverage issues.

## COUNT I

### Declaratory Judgment Against Catholic Mutual – Duty to Defend

37.     The Bishop repeats and hereby realleges each and every allegation contained in Paragraphs 1 through 36 as if fully set forth herein.

38.     The Bishop seeks a judicial determination of the rights and duties of the Bishop and Catholic Mutual with respect to an actual controversy arising out of the Certificates.

39.     Pursuant to the terms of the Certificates, Catholic Mutual is obligated to pay in full the expenditures the Bishop has incurred to defend itself against the Underlying Actions and Claims.

40.     Catholic Mutual has refused to accept and disputes its legal obligation to pay in full the Bishop's defense costs and expenditures in connection with the Underlying Actions and Claims.

41.     An actual controversy of justiciable nature presently exists between the Bishop and Catholic Mutual concerning the proper construction of the Certificates

DEFENDANT AND COUNTERCLAIMANT'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims.

42.   The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

43.   The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II

### Breach of Contract Against Catholic Mutual – Duty to Defend

44.   The Bishop repeats and hereby realleges each and every allegation contained in Paragraphs 1 through 43 as if fully set forth herein.

45.   The Bishop incurred damages in the form of costs to defend itself against the Underlying Actions and Claims for which Catholic Mutual is responsible pursuant to the terms of the Certificates.

46.   The Certificates are valid and enforceable contracts providing insurance coverage for the damages the Bishop has incurred and continues to incur.

47.   The Bishop provided Catholic Mutual timely notice of the Underlying Actions and Claims.

48.   The Bishop substantially performed all material obligations on its part to be performed under the Certificates.

49.   Catholic Mutual has refused to accept its legal obligation to pay the Bishop's defense costs in response to the Underlying Actions and Claims.

50.   Catholic Mutual's failure to defend the Bishop constitutes a breach of the Certificates.

51.   As a direct and proximate result of Catholic Mutual's breach of the Certificates, the Bishop is suffering and will continue to suffer damages equal to the sums it would be entitled to recover as benefits under the Certificates.

## COUNT III

### Declaratory Judgment Against Catholic Mutual – Duty to Indemnify

52.     The Bishop repeats and hereby realleges each and every allegation contained in Paragraphs 1 through 51 as though fully set forth herein.

53.     The Bishop seeks a judicial determination of the rights and duties of the Bishop and Catholic Mutual with respect to an actual controversy arising out of the Certificates.

54.     Pursuant to the terms of the Certificates, Catholic Mutual is obligated to indemnify the Bishop against judgments and settlements in connection with the Underlying Actions and Claims.

55.     Catholic Mutual has refused to accept and disputes its legal obligation to indemnify the Bishop in connection with the Underlying Actions and Claims.

56.     An actual controversy of justiciable nature exists between the Bishop and Catholic Mutual concerning the proper construction of the Certificates and the rights and obligations of the parties thereto with respect to the Underlying Actions and Claims.

57.     The controversy is of sufficient immediacy and magnitude to justify the issuance of a declaratory judgment.

58.     The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT IV

### Breach of Contract Against Catholic Mutual – Duty to Indemnify

59.     The Bishop repeats and hereby realleges each and every allegation contained in Paragraphs 1 through 58 as though fully set forth herein.

60.     The Bishop incurred damages in the form of costs to pay settlements and/or judgments in the Underlying Actions and Claims for which Catholic Mutual is responsible pursuant to the terms of the Certificates.

61.     The Certificates are valid and enforceable contracts providing insurance coverage for the damages the Bishop incurred and continues to incur.

62.     The Bishop substantially performed all material obligations on its part to be performed under the Policies.

63.     Catholic Mutual has refused to accept its legal obligations to provide coverage for the Bishop in response to the Underlying Actions and Claims.

64.     Catholic Mutual's failure to indemnify the Bishop constitutes a breach of the Certificates.

65.     As a direct and proximate result of Catholic Mutual's breach of the Certificates, the Bishop is suffering and will continue to suffer damages equal to the sums it would be entitled to recover as a benefit under the Certificates.

## JURY DEMAND

The Bishop is entitled to and hereby demands a jury trial in this matter on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Bishop respectfully requests judgment as follows:

1.     On Count I, the Bishop requests that this Court enter a declaratory judgment in its favor that Catholic Mutual is obligated to pay the Bishop's defense costs in full;

2.     On Count II, the Bishop requests that this Court enter a judgment awarding the payment of damages in an amount equal to the amount that Catholic Mutual owes under the Certificates for the Bishop's defense costs;

3.     On Count III, the Bishop requests that this Court enter a declaratory judgment in its favor that Catholic Mutual is obligated to indemnify the Bishop for any judgments or settlements up to any limits applicable under the Certificates;

4.     On Count IV, the Bishop requests that this Court enter a judgment awarding the payment of damages in an amount equal to the amount that Catholic Mutual owes under the Certificates to indemnify the Bishop; and

5.      On all Counts, the Bishop requests that this Court award the Bishop its attorneys' fees and costs;

6.      On all Counts, the Bishop requests that this Court award the Bishop pre- and post-judgment interest; and

7.      On all Counts, the Bishop requests such other and further relief as this Court may deem just and proper.

DATED: May 12, 2023                    **BLANK ROME LLP**

By: */s/ David A. Thomas*
David A. Thomas
James R. Murray
James S. Carter
Robyn L. Michaelson

*Attorneys for Defendant and
Counterclaimant The Roman Catholic
Bishop of San Diego, erroneously sued as
The Roman Catholic Diocese of San Diego*

**DEFENDANT AND COUNTERCLAIMANT'S ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**